# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 17-14026-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTHONY CAULEY,

    Defendant.

_____/

FILED by _____ D.C.
APR 18 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON COMPETENCY EVALUATION

**THIS CAUSE** having come on to be heard for a competency hearing regarding the Defendant's request for competency evaluation, and this Court having conducted a hearing on April 18, 2017 at which time counsel for the government, counsel for the Defendant and the Defendant were all present, this Court makes the following recommendation to the District Court:

    1.    The Defendant appeared before this Court on November 2, 2015 for an initial appearance in respect to the Criminal Complaint which had been filed against him in this matter. At that time, the Defendant was advised of the charges, appointed the Federal Public Defender to represent him, and was temporarily detained pending a final detention hearing.

    2.    Thereafter, counsel for the Defendant filed a Motion Requesting Competency Evaluation on or about November 5, 2015. This Court granted that request by Order entered November 9, 2015 and directed a competency evaluation to be conducted on the Defendant pursuant to 18 U.S.C. § 4241 at a suitable facility in the care and custody of the Attorney General. The Defendant was taken to FDC, Miami for such evaluation. This Court extended the temporary detention of the Defendant on November 9, 2015 by entry

of an Order since the Defendant was not able to assist counsel in court and proceed with a detention hearing.

3. Thereafter on or about February 8, 2016, counsel for the Defendant received a Forensic Evaluation from Dr. Jorge Luis, a forensic psychologist with the Department of Justice Bureau of Prisons. That report stated that the Defendant was presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense. Pursuant to that report, counsel for the Defendant filed a Motion Requesting Competency Finding and requested that the Defendant be transferred to a federal medical facility to undergo further examination and treatment which may include medical and psychiatric examinations to determine the cause and reason for the Defendant's current mental status. This Court granted that motion and committed the Defendant to the custody of the Attorney General for hospitalization in a suitable facility for examination and treatment as suggested by the Bureau of Prisons. This Court's Order was entered February 19, 2016 granting the Defendant's request. That same date, this Court entered an agreed Order wherein the parties agreed to the undersigned Magistrate Judge proceeding with competency findings on a pre-indictment basis since no District Judge had yet been assigned to this case.

4. There were intervening status reports which are reflected in the court record. The Defendant was housed at the United States Medical Center for Federal Prisoners in Springfield, Missouri. This Court granted several extensions of time for that facility to complete its treatment of the Defendant. These extensions were granted based upon the status reports from the Warden, Linda Sanders, at that facility in Springfield, Missouri,

2

indicating that additional reasonable periods of time were necessary to complete the mental health treatment to determine if there was a substantial probability that the Defendant would become competent for the trial to proceed. There were no objections from counsel for the Defendant to the intervening extensions of time to permit this treatment and evaluation of the Defendant. This Court will not review each Status Order entered by this Court. The court record adequately reflects those findings.

5. On March 27, 2017, this Court entered a Sealed Order sealing the Final Forensic Report by Dr. Baecht as well as the accompanying letter and Certification of Competency from Linda Sanders, Warden at the Springfield, Missouri facility. Copies of these documents were provided to counsel for the government and counsel for the Defendant with a copy placed under seal pursuant to this Court's Order.

6. This Court will not set forth details within this Report and Recommendation concerning those findings since they are available to review by the District Court in the attachments to this Court's Sealed Order. However, this Court will discuss in general the findings contained within the report.

7. The letter of March 17, 2017 from Warden Sanders at the Springfield, Missouri facility to the undersigned U. S. Magistrate Judge stated that the Defendant has completed his period of commitment and mental health evaluation. It goes on to state that it is the opinion of their clinical staff that the Defendant is mentally competent to stand trial at this time. Further, the letter states that the Defendant has the mental capacity to understand the legal proceedings against him and to assist an attorney in preparing his defense. The letter then references the attached report from Dr. Baecht. The Certificate

of Competency signed by Linda Sanders, Warden, U. S. Medical Center for Federal Prisoners, Springfield, Missouri, is attached as well and is dated March 23, 2017.

8. Dr. Baecht's report goes into detail concerning the competency evaluation and findings. Once again, this Court will not go into details concerning that since this Report and Recommendation remains unsealed. However, it was the final opinion of Dr. Baecht that the Defendant's condition is well controlled with medication which has been provided. Those medications do not appear to hinder his competency-related abilities according to Dr. Baecht. Dr. Baecht's report goes on to state that the Defendant currently displays a factual and rational understanding of the nature and potential consequences of the proceedings against him, and has the ability to assist in his own defense. The report states "more specifically, he is able to communicate meaningfully, ask relevant questions, attend to the proceedings, and make well-reasoned decisions." The report goes on to state that as long as the Defendant remains compliant with his current medication regimen, it is expected he will continue to remain competent.

9. At the hearing before this Court on April 18, 2017, this Court questioned counsel for the Defendant. She had no objections to the findings of competency. She has discussed the report with the Defendant and stated that he has the current ability to meaningfully discuss the case with her and assist in his defense. Counsel for the Defendant did state that certain of the statements made within the report are not agreed upon. However, those statements do not affect nor go towards the findings of the Defendant being competent to stand trial and assist counsel.

10. This Court briefly questioned the Defendant who was seated at counsel table. He was able to clearly understand this Court's questions and responded appropriately. He

stated that he knew he was in court and knew that the undersigned was the Judge in the case. Further, he asked questions during the proceedings when his next trial date was, and that he was in fact being housed at FDC, Miami at the request of his attorney. Based upon this Court's brief interaction with the Defendant on the record, he appears to be competent, understands the nature of the proceedings, and has the current ability to assist counsel with his defense.

11. This Court pointed out to the Defendant that he is being housed at FDC, Miami at the request of his counsel. The reason for this is that this Court wanted to make certain that the Defendant continues to receive the medications as prescribed by the facility in Springfield, Missouri, where he previously was housed. This Court wanted to make certain that he is not housed, even temporarily, in any local facility. The Defendant stated that he understood that and agreed to that. Counsel for the Defendant also stated that she would request that all further proceedings be held in Miami since Judge Martinez, who is assigned as the District Judge in this case, has his primary chambers in Miami and the Defendant will continue to be housed at FDC, Miami. Counsel for the government stated that it has no objection to all further proceedings being held in Miami before Judge Martinez. The Defendant likewise stated that he understands and has no objection to proceeding in that fashion.

12. This Court reviewed with the Defendant, on the record, the Waiver of Indictment. This Court is satisfied that he understands the purpose of the Waiver of Indictment and this Court observed him sign that Waiver in open court. The Court then proceeded with advising the Defendant of the charges set forth in the Information as well as the possible maximum penalties. He responded appropriately to this Court's questions

5

concerning those matters. He stated that he understands the charges against him as well as the possible penalties which could be imposed should he be found guilty of those offenses. This Court then accepted the not guilty plea and set the case for a jury trial before the District Court.

13. This Court then addressed the issue of detention since the Defendant was not able to assist counsel after this Court entered its temporary detention order. Counsel for the Defendant and the Defendant stated on the record that the Defendant was not seeking a bond in this case. This Court questioned the Defendant and is satisfied that he understands he will be held without bond at FDC, Miami, pending the final outcome of this matter. Counsel for the Defendant and the government both agreed that this Court could utilize the Criminal Complaint to serve as the factual basis for the Court's Detention Order.

**ACCORDINGLY,** this Court recommends to the District Court that the Forensic Report dated March 10, 2017 from Dr. Baecht be ACCEPTED and that the findings set forth therein be ADOPTED by the District Court and that the Defendant be found to be competent to proceed to trial and competent at the time of the offenses alleged in the Information.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Northern Division of the Southern District of Florida, this 18th day of April, 2017.

FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished:
AUSA Diana M. Acosta
AFPD Panayotta Augustin-Birch
Pretrial Services
U. S. Marshal