UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 17-14026-CR-MARTINEZ/MAYNARD

UNITED STATES OF AMERICA,

v.

ANTHONY THOMAS CAULEY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON MOTION TO DETERMINE DEFENDANT IS INCOMPETENT TO PROCEED AND TO TEMPORARILY COMMIT HIM FOR HOSPITALIZATION

**THIS CAUSE** is before me on a Motion to Determine Defendant is Incompetent to Proceed and to Temporarily Commit Him for Hospitalization ("Motion"). DE 107. Having held a competency hearing on July 16, 2025, and being otherwise fully advised, I recommend that this Motion be **GRANTED** for the following reasons.

### BACKGROUND

On October 17, 2017, Defendant was sentenced to 120 months in prison, to be followed by 3 years of supervised release, following his convictions for possessing firearms (destructive devices) and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possessing unregistered firearms (destructive devices), in violation of 26 U.S.C. § 5861(d). DE 70. After serving the prison portion of his sentence, Defendant commenced supervision on June 20, 2024.

On January 6, 2025, Defendant was charged with violating his terms of supervision as alleged in a pending Petition for Warrant or Summons for Offender under Supervision (the "Petition"). DE 76. The Petition alleges six violations against Defendant for possessing or using marijuana, failing to report to and follow the instructions of Defendant's probation officer as directed, refusing to submit

to drug testing, failing to participate in an approved drug treatment program, and committing the offense of trespassing contrary to Florida law.[1] *Id.*

Defendant thereafter appeared before me in court to address this Petition three times within a month-long period and, each time, he exhibited uncooperative behavior and refused to appropriately respond to my inquiries. Based on this course of events and my observations, I *sua sponte* initiated competency proceedings and ordered that Defendant be examined under 18 U.S.C. § 4241(b) and 18 U.S.C. § 4247 to determine if he is presently competent to understand this criminal proceeding against him and to properly assist in his defense. DE 93.

On June 25, 2025, defense counsel filed the instant Motion requesting a finding that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. DE 107. The Motion further seeks a court order temporarily committing Defendant to the custody of the Attorney General where the Attorney General, acting through the Federal Bureau of Prisons must "hospitalize the defendant for treatment in a suitable facility . . . for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." *Id.* at 1 (citing 18 U.S.C. § 4241(d)-(d)(1)). As grounds, the Motion relies primarily on a Competency to Proceed Evaluation report authored by psychologist Michael P. Brannon, Psy.D., dated June 18, 2025, finding Defendant not presently

---

[1] The circumstances leading to the instant charges reflect a possible period of mental decompensation for Defendant. According to a memorandum from U.S. Probation, dated January 6, 2025, Defendant unexpectedly arrived at the U.S. Probation Office with a request to speak to someone about going back to prison and spoke of his other noncompliance with other release conditions as an attempt to have a warrant issued for his arrest. After Defendant refused to leave the premises, he was arrested on a charge of trespassing.

competent to proceed, as well as defense counsel's conferral with Defendant and Defendant's family members. *Id.* at 2.

I held a competency hearing on July 16, 2025, to determine Defendant's competency to proceed pursuant to 18 U.S.C. §§ 4241(c) and 4247(d). Defendant, his counsel, and the Government's counsel were present in court during the hearing. At the hearing, defense counsel and counsel for the Government stipulated to the contents and conclusions of Dr. Michael Brannon's report, dated June 18, 2025, as it relates to the Defendant's competency to proceed with one limited exception.[2] I also heard the sworn testimony of Dr. Brannon and gave Defendant the opportunity to make a brief statement.

## **DISCUSSION**

The Fifth Amendment's Due Process clause prohibits the government from trying a mentally incompetent defendant. *See* U.S. Const. amend. V; *U.S. v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (citing *Pate v. Robinson*, 383 U.S. 375, 378 (1966)); *see also Indiana v. Edwards*, 554 U.S. 164, 170 (2008) ("[T]he Constitution does not permit trial of an individual who lacks 'mental competency.'"). A defendant is incompetent if (1) he is presently suffering from a mental disease or defect that results in his (2) inability to understand the nature and consequences of the proceedings against him or (3) to assist properly in his defense. 18 U.S.C. § 4241(d). The competency determination asks "whether [a defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995) (quoting *Dusky v. U.S.*, 362 U.S. 402 (1960)).

---

[2] For reasons stated in open court at a status conference re: competency held before me on June 30, 2025 and as memorialized in my subsequent Order, the statement in Dr. Brannon's report that Defendant "meets the legal criteria for involuntary psychiatric hospitalization as he appears to pose an imminent risk of danger to himself and others at this time" has been stricken as irrelevant and outside the scope of these competency proceedings. DE 114.

"Not every manifestation of mental illness demonstrates incompetence to stand trial" and it is well settled that bizarre, volatile, or irrational behavior, or being prescribed psychiatric drugs, do not amount to incompetency to stand trial. *Medina*, 59 F.3d at 1107. Similarly, neither low intelligence nor mental deficiency can be equated with mental incompetency. *Id.*; *Pardo v. Sec'y, Fl. Dep't of Corr.*, 587 F.3d 1093, 1101 (11th Cir. 2009) ("Absent evidence of such an inability [to assist counsel or understand the charges], evidence of low intelligence, mental deficiency, bizarre, volatile, or irrational behavior, or the use of ant-psychotic drugs is not sufficient to show incompetence to stand trial."). Rather, a court must evaluate the nature and extent of the defendant's impairment to determine its impact. The test is whether the evidence shows "a present inability to assist counsel or understand the charges." *Medina*, 59 F.3d at 1107.

A petitioner "is entitled to no presumption of incompetency and must demonstrate his … incompetency by a preponderance of the evidence." *Lawrence v. Sec'y, Fla. Dep't of Corr.*, 700 F.3d 464, 481 (11th Cir. 2012) (*quoting James v. Singletary*, 957 F.2d 1562, 1571 (11th Cir. 1992)). A court faced with conflicting expert testimony does not clearly err by crediting one opinion over another where other record evidence also supports the conclusion. *Battle v. U.S.*, 419 F.3d 1292, 1299 (11th Cir. 2005); *see also Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

Here, having carefully considered Dr. Brannon's report and testimony, my observations of Defendant in court, the entire record, and the applicable law, I find by a preponderance of the evidence that Defendant is not presently able to understand the nature and consequences of the proceedings against him or sufficiently consult with his counsel with a reasonable degree of rational understanding so as to be able to assist in his defense.

It bears noting that since the outset of this criminal case nearly a decade ago, several experts have evaluated Defendant and have made findings as to his competency. On February 19, 2016, Defendant was committed for hospitalization in a suitable facility for examination and treatment based on a report finding Defendant incompetent to proceed following a court-ordered forensic evaluation. DE 19, DE 24. Over one full year later, on April 18, 2017, it was recommended that Defendant be found competent to proceed based on a forensic report dated March 10, 2017, and an accompanying certificate indicating that Defendant's competency had been restored. DE 41, DE 49. This recommendation was adopted and the case proceeded without incident through guilty plea proceedings and sentencing. DE 54, DE 57, DE 58, DE 59, DE 70.

Dr. Brannon's report finds Defendant not competent to proceed based on his recent evaluation of Defendant on June 12, 2025 and a review of relevant information sources. I will not include all the details here about Dr. Brannon's findings since they are available for review by the presiding U.S. District Judge in Dr. Brannon's report, which has been filed under seal at DE 113. Suffice it to say for present purposes that Dr. Brannon's report meets the requirements of 18 U.S.C. § 4247(c) in that it includes Defendant's history and present symptoms; a description of the mental status examination interview and a collateral interview with Defendant's brother-in-law; and Dr. Brannon's findings and conclusions as to Defendant's competence to proceed. Dr. Brannon concludes that Defendant is not competent to proceed based on the finding that "[t]he examinee displayed numerous symptoms of an untreated psychotic disorder that directly interfered with his ability to factually and rationally understand the required legal criteria." At the hearing, Dr. Brannon reiterated his findings and conclusions. Among other things, Dr. Brannon testified that Defendant appeared "actively psychotic" during the clinical interview. Dr. Brannon further noted that while Defendant may have somewhat of a factual understanding of his current situation, Defendant does not appear to have a present rational understanding or ability to assist his counsel in these proceedings. In Dr. Brannon's words,

Defendant's "decisional-capacity is impaired" and he lacks the capability to appropriately participate in these proceedings at this time. Dr. Brannon opined that Defendant may be restored to competency through placement into a suitable facility for stabilization of his mental condition with proper medication and treatment.

    I heard briefly from Defendant at the hearing who questioned why he would "be held for competency on an old dead case" and stated that his surroundings "did not resemble a courthouse" and he "did not feel welcome."

    Having considered my observations of Defendant, together with Dr. Brannon's report and testimony—and with both parties agreeing and stipulating to the report's content and conclusions—I find by a preponderance of the evidence that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the present proceedings against him or to assist properly in his own defense. I thus recommend that the Motion be granted, that Dr. Brannon's report and advisory opinion be accepted, that Defendant be found not competent to proceed at this time, and that he be temporarily committed for treatment in a suitable facility.

## **RECOMMENDATION**

    Accordingly, consistent with the foregoing, I hereby **RECOMMEND** that:

1. The instant Motion, DE 107, be **GRANTED** and that Defendant be found mentally incompetent to proceed in this case;

2. Defendant be ordered committed for treatment pursuant to the terms of 18 U.S.C. § 4241(d). That is, Defendant should be committed to the custody of the Attorney General who shall hospitalize him for treatment in a suitable facility. The Attorney General shall provide mental health treatment for a reasonable period of time (*but not to exceed four months*) as is necessary to determine whether there is a substantial

       probability that in the foreseeable future Defendant will attain the capacity to permit these proceedings to go forward. The treating and examining mental health providers shall have access to, and be provided with, any medical records of Defendant. Such examination may include such medical and psychiatric examination necessary to determine the cause and reason for Defendant's current mental status.

3. I recommend that the four-month time limit under 18 U.S.C. § 4241(d)(1) commence on the day Defendant arrives at the facility for treatment, and that the U.S. Marshal be directed to transport the Defendant immediately (or as soon as is practical) to the designated institution.

4. At any time during this period of treatment—but no later than fifteen (15) days after the expiration of the four month treatment period—the director of the treatment facility shall provide Defendant's counsel a report to provide an update on Defendant's status. The report should address whether and to what extent Defendant's mental health condition has improved, whether he has become able to understand the nature and consequences of the proceedings against him; and whether he now can assist properly in his defense. Alternatively, the director shall use the report to explain whether there is need for ongoing treatment and for how long.

5. Forthwith upon receipt of the facility director's report, Defendant's counsel shall make the appropriate arrangements for filing it into the case docket under seal.

6. To ensure that the Court maintains apprised of Defendant's progress and status, I will set a Status Conference before me for Friday, November 21, 2025 by separate Order.

**NOTICE OF RIGHT TO OBJECT AND SHORTENED OBJECTIONS PERIOD**

In the interest of getting Defendant the treatment he needs and to promote judicial economy, a prompt resolution of the instant Motion is required. As such, I find it necessary and appropriate to

shorten the time for any objections pursuant to Southern District of Florida Magistrate Judge Rule 4(a). Accordingly, the parties shall have **FIVE (5) CALENDAR DAYS** from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Jose E. Martinez. *See* 28 U.S.C. § 636(b)(1)(C); S.D. Fla. Mag. J. R. 4(a). Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within THREE (3) CALENDAR DAYS of the date of this Report and Recommendation.**

   **DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 17th day of July, 2025.

                        _____
                        SHANIEK MILLS MAYNARD
                        U.S. MAGISTRATE JUDGE