UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No. 17-CR-14026-MARTINEZ/MAYNARD

UNITED STATES OF AMERICA

v.

ANTHONY THOMAS CAULEY,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS MATTER** is before the Court upon United States Magistrate Judge Shaniek Mills Maynard's Report and Recommendations on Defendant's Unopposed Motion to Determine Defendant is Incompetent to Proceed and to Temporarily Commit Him for Hospitalization ("Motion"), (ECF No. 107). (ECF No. 117.) Judge Maynard held a competency hearing on July 16, 2025. (ECF No. 110.) At the hearing, Defense counsel and the Government stipulated to the contents and conclusions of Dr. Michael Brannon's evaluation report, which determined Defendant was not presently competent to proceed. (ECF No. 117.) Judge Maynard, having considered Dr. Brannon's report and testimony, her observations of Defendant in Court, the record, and applicable law, found by a preponderance of the evidence that Defendant is not presently able to understand the nature and consequences of the proceedings against him or sufficiently consult with his counsel with a reasonable degree of rational understanding so as to be able to assist in his defense. (*Id.*). Accordingly, she recommended that Defendant's Motion be granted and that Defendant be found not competent to proceed at this time, and that he be temporarily committed for treatment in a suitable facility. (*Id.*). The Government and Defense counsel filed a Joint Notice of Non-Objection. (ECF No. 120.)

After careful consideration, the Court **AFFIRMS** and **ADOPTS** the Report and Recommendations.

Accordingly, it is **ADJUDGED** that

1. Defendant's Motion, (ECF No. 117), is **GRANTED**.

2. Defendant is mentally incompetent to proceed in this case at this time.

3. Pursuant to 18 U.S.C. § 4241(d)(1), Defendant shall be committed to the custody of the Attorney General. The Attorney General shall immediately hospitalize Defendant for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probably that in the foreseeable future Defendant will attain the capacity to permit these proceedings to go forward. The treating and examining mental health providers shall have access to, and be provided with, any medical records of Defendant. Such examination may include such medical and psychiatric examination necessary to determine the cause and reason for Defendant's current mental status.

4. The four-month time limit under 18 U.S.C. § 4241(d)(1) shall commence on the day Defendant arrives at the facility for treatment, and the U.S. Marshal is directed to transport the Defendant immediately (or as soon as is practical) to the designated institution.

5. At any time during this period of treatment—but no later than fifteen (15) days after the expiration of the four-month treatment period—the director of the treatment facility shall provide Defendant's counsel a report to provide an update on Defendant's status. The report should address whether and to what extent Defendant's mental health condition has improved, whether he has become able to understand the nature and consequences of the proceedings against him; and whether he now can assist properly in his defense. Alternatively, the director shall use the report to explain whether there is need for ongoing treatment and for how long.

6. Forthwith upon receipt of the facility director's report, Defendant's counsel shall make the appropriate arrangements for filing it into the case docket under seal.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24 day of July, 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Maynard
All Counsel of Record