**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-CR-14026-MARTINEZ/MAYNARD**

UNITED STATES OF AMERICA,

      **Plaintiff,**

v.

ANTHONY THOMAS CAULEY,

      **Defendant.**

_____/

FILED BY_____SW_____D.C.

Jul 7, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## <u>REPORT AND RECOMMENDATION ON DEFENDANT'S MENTAL COMPETENCY</u>

      **THIS CAUSE** is before the Court on the issue of Defendant Anthony Thomas Cauley's competency.  Having convened a hearing on June 23, 2026, I recommend to the District Court as follows:

      1.      On March 7, 2025, the Defendant, ANTHONY THOMAS CAULEY, appeared before me for an Initial Appearance for alleged violations of the conditions of his supervised release.  DE 81.  The violations included marijuana use, trespassing, and technical violations.  DE 76.

      2.      Defendant appeared before me on three different occasions in March 2025.  Each time, he was uncooperative and refused to appropriately respond to my inquiries.  At a hearing on March 25, 2025, Defendant identified himself to me with reference to his prisoner number.  Court-appointed counsel informed me that Defendant repeatedly refused to see or speak to him.  I found competency proceedings warranted and *sua sponte* ordered an examination of Defendant by a qualified psychiatrist or psychologist pursuant to 18 U.S.C. §§ 4241 and 4247.  DE 93.

3.      Defendant was examined by Dr. Michael Brannon, Psy.D., on June 12, 2025.  Dr. Brannon issued a written report opining that Defendant was not competent to proceed.  DE 113.  Based on that report, Defendant's lawyer moved to determine competency and to temporarily commit Defendant for hospitalization.  DE 107.

4.      On July 16, 2025, I held a competency hearing.  DE 115.  Dr. Brannon testified, and his written report was admitted into evidence.  Following the hearing, I issued a Report and Recommendation finding Defendant incompetent to proceed and recommending that he be temporarily committed for treatment in a suitable facility.  DE 117.  On July 25, 2025, Judge Martinez adopted that recommendation and ordered Defendant committed pursuant to 18 U.S.C. § 4241(d).  DE 122.  Defendant was designated to the Federal Medical Center in Butner, North Carolina.

5.      On March 27, 2025, Dr. Marina Mukhin, Psy.D., issued a written Forensic Evaluation concluding that Defendant was suffering from a mental disease or defect, namely, schizophrenia, that rendered him not competent to proceed.  DE 130.  Dr. Mukhin noted that Defendant had only recently accepted an injectable antipsychotic medication, and despite the brief period of treatment adherence, he had already shown a favorable response.  Nonetheless, Dr. Mukhin found that as of the date of the Forensic Evaluation, Defendant was not competent.  Dr. Mukhin opined that there was a substantial probability that Defendant could attain the capacity to proceed with continued medication compliance and restoration.

6.      A month later, on April 30, 2026, Dr. Mukhin issued a written Forensic Addendum concluding that Defendant was restored to competency.  DE 137.  I ordered the U.S. Marshals Service to transport Defendant to the Federal Detention Center in Miami, Florida and to ensure

that he continued receiving all prescribed medications in accordance with Dr. Mukhin's instructions.  DE 139.

7.      A defendant is incompetent if (1) he is presently suffering from a mental disease or defect that results in his inability (2) to understand the nature and consequences of the proceedings against him or (3) to assist properly in his defense.  18 U.S.C. § 4241(d).  A court must make these findings by a preponderance of the evidence.  *Id.*  The competency determination asks "whether [a defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995) (alteration in original) (quoting *Dusky v. U.S.*, 362 U.S. 402 (1960)); *see also U.S. v. Utsick*, 45 F.4th 1325, 1338 (11th Cir. 2022) (same).  "[N]ot every manifestation of mental illness demonstrates incompetence to stand trial," and it is well settled that bizarre, volatile, or irrational behavior, or being prescribed psychiatric drugs, do not amount to incompetency to stand trial.  *Medina*, 59 F.3d at 1107 (alteration in original).  Similarly, neither low intelligence nor mental deficiency can be equated with mental incompetency.  *Id.*; *Pardo v. Sec'y, Fl. Dep't of Corr.*, 587 F.3d 1093, 1101 (11th Cir. 2009) ("Absent evidence of such an inability [to assist counsel or understand the charges], evidence of low intelligence, mental deficiency, bizarre, volatile, or irrational behavior, or the use of anti-psychotic drugs is not sufficient to show incompetence to stand trial.").  Rather, a court must evaluate the nature and extent of a defendant's impairment to determine its impact. The test is whether the evidence shows "a present inability to assist counsel or understand the charges." *Medina*, 59 F.3d at 1107 (citation and internal quotation marks omitted).

8.      I held a competency hearing in Miami on June 23, 2026. The Defendant, his attorney, and the government's attorney were present in court during the hearing.  DE 143.  At the

hearing, defense counsel and counsel for the United States stipulated to the contents and conclusions of Dr. Mukhin's Forensic Addendum as it relates to Defendant's competency to proceed. Neither party wished to call or cross-examine witnesses or submit any evidence other than Dr. Mukhin's report. I will not set forth details concerning Dr. Mukhin's findings since they are available for the District Judge's review in the sealed attachments at DE 137. However, Dr. Mukhin's report meets the requirements of 18 U.S.C. § 4247(c) in that it includes Defendant's history and present symptoms; a description of the psychiatric, psychological and medical tests employed during the evaluation and the results; and Dr. Mukhin's findings and opinions as to diagnosis, prognosis, and Defendant's competence to proceed. In pertinent part, Dr. Mukhin's report concludes:

> Although the determination of Mr. Cauley's competency is ultimately a decision for the Court, it is my opinion that his mental disease or defect, namely schizophrenia, is well managed by his psychiatric medication regimen. As previously explained, once he became compliant with prescribed antipsychotic medication, his response was rapid and robust. Mr. Cauley no longer evidences unmanaged psychotic symptoms. He possesses a factual and rational understanding of the proceedings against him, appreciates his situation in reference to those proceedings, is able to maintain appropriate courtroom behavior, and is able to assist in his defense in a rational manner. **As such, it is my opinion that he is presently able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, and competent to proceed.**

DE 137 at 7 (emphasis added).

9. Defense counsel advised me at the hearing that he had consulted with Defendant and, based on their discussion, agreed that Defendant was able to understand the nature and consequences of the proceedings and to assist properly in his own defense. Further, counsel indicated that Defendant wished to admit the violations of supervised release. I questioned Defendant closely on this matter, and Defendant's responses were clear, rational, and intelligible. Defendant impressed me as fully competent, capable of entering informed admissions, and aware

of the nature of the violations and the consequences of admitting them.  His admissions were knowing, voluntary, and factually supported.

10.  Having reviewed Dr. Mukhin's Forensic Addendum and  with both parties agreeing to the report's content and conclusions, I find by a preponderance of the evidence that the Defendant is not presently suffering from a mental disease or defect that renders him mentally incompetent. He is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense.  **ACCORDINGLY**, I recommend that Dr. Mukhin's Forensic Addendum dated April 30, 2026, DE 137, be **ACCEPTED**, the findings therein be **ADOPTED**, and the Defendant be found **COMPETENT TO PROCEED** with this case.

A party shall serve and file written objections, if any, to this Report and Recommendation with presiding U.S. District Judge Jose E. Martinez within **SEVEN (7) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 7th day of July, 2026.

_____
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE